IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENE DAVIS and CALVIN WALKER, | ) ) ) | |
| individually and on behalf of a class of similarly situated individuals, | ) ) ) | **COMPLAINT** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BBI LLC | ) ) ) | |
| Defendant. | ) ) | |

## I.     INTRODUCTION

1.     This is a collective action brought under the Federal Fair Labor Standards Act U.S.C. § 201 *et seq.* ("FLSA"), asserting that Plaintiffs, installation and repair technicians (hereinafter "technicians"), who performed satellite television installation and repair services for the Defendant, were deprived of overtime in violation of federal law. BBI operates in states in the Southeast, including Georgia, Florida, Tennessee, and Texas. Although Plaintiffs and similarly situated technicians were characterized as independent contractors, the Defendant is in fact their employer under the economic realities test of the FLSA. Plaintiffs bring this case as a collective action on behalf of a group of technicians

1

similarly situated who performed the same installation and repair work for Defendant in the Southeast United States from three years prior to the date of the filing of this Complaint to the present.

## II.   JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States, 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), N.D. Ga., because Defendant operates within this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed, at least in part, within this district and division.

## III.   PARTIES

4. Defendant BBI LLC is, on information and belief, a Tennessee corporation with its principal office in Lynn Haven, Florida. Defendant performs substantial business within the state of Georgia, as well as in Florida, Tennessee, and Texas.

5. Plaintiff Eugene Davis is an adult resident of Jonesboro, Georgia. Mr. Davis has worked for BBI as a satellite television installation technician from approximately January 2014 to July 2016.

6. Plaintiff Calvin Walker is an adult resident of Griffin, Georgia. Mr. Walker worked for BBI as a satellite television installation technician from approximately October 2015 to June 2016.

## IV. **STATEMENT OF FACTS**

7. During the last three years, the named Plaintiffs performed satellite television and installation services as satellite television installation and repair technicians for BBI.

8. BBI's core business is performing installation and repair services for subscribers of DirecTV. When a DirecTV subscriber needs installation or repair services, a company called Mastec sends the customer orders to BBI.

9. In order to perform these installation and repair services, BBI utilizes technicians such as the Plaintiffs and similarly situated individuals.

10. BBI purports to classify the technicians as independent contractors.

11. Although BBI purports to classify the technicians as independent contractors, BBI retains the right to and does actually control the manner in which the technicians perform their work.

12. In order to be retained by BBI, Plaintiffs and similarly situated individuals were required to undergo stringent background checks.

13. Plaintiffs and similarly situated individuals are not allowed to perform installations for other companies while working for BBI, and as a practical, cannot perform installations for other companies as their work for BBI is full time, and the technicians must regularly work between fifty and ninety hours per week.

14. The technicians are entirely dependent on BBI for their business.

15. BBI requires the technicians to comply with its instructions, procedures, and policies with respect to the manner in which the technicians perform their services.

16. BBI uses a web interface called Siebel in order to manage the technicians' work. For example, BBI uses Siebel to assign jobs to the technicians, and the technicians have an application on their smart phones called FSTP, on which they log in and receive their jobs.

17. Additionally, technicians must use an application called DFS in order to check their invoicing and to keep track of their BBI equipment.

18. BBI requires the technicians to have a Samsung Galaxy Note 2 or newer smart phone.

19. Plaintiffs and other similarly situated technicians cannot negotiate with customers regarding services they provide or their payment for those services. Those terms are handled exclusively by BBI.

20. If a customer requests a "custom job," such as the installation of a DirecTV satellite dish on a pole rather than on the roof of a house, BBI and not the technicians, sets the price of the custom job.

21. The technicians install equipment, such as satellite dishes and receivers, provided by BBI.

22. The technicians go to a warehouse, which is owned or rented by BBI, in order to pick up equipment multiple times each week.

23. BBI controls and dictates the parts and fittings that the Plaintiffs and similarly situated technicians must use in order to perform their work.

24. BBI requires Plaintiffs and similarly situated technicians to wear a uniform, consisting of a DirecTV shirt, which Plaintiffs and similarly situated technicians must purchase.

25. BBI requires the technicians to wear an ID badge, which states "BBI LLC authorized DirecTV installer" on it, along with a technician number that BBI has assigned to each technician.

26. Plaintiffs and similarly situated technicians are required to use the BBI smart phone application, FSTP, to update BBI on the progress of their work each day.

27. The technicians must enter an update in the FSTP application when they arrive at each jobsite, and when they activate each receiver.

28. If a customer informs a technician that there is an error in the order, the technician must call a BBI dispatcher in order to modify the order.

29. After a technician completes a job, the customer receives a phone call asking the customer to rate the technician's performance.

30. Based on the customer surveys, BBI maintains performance matrices for the technicians, and if the technicians performed poorly, it could result in deductions and disciplinary action against the technicians.

31. The technicians' performance matrices can also affect the number of jobs that they are assigned.

32. BBI has reserved the right to and exercised the right to terminate technicians at any time it believes a technician was not performing the job properly, or for any other reason.

33. The technicians are required to pay for their own vehicles and tools, gas, insurance, vehicle maintenance, uniforms, wires, and fittings.

34. BBI regularly deducts fees from the technicians' compensation checks. For example, BBI has made deductions for late arrivals, negative customer

comments about the technicians' job performance, damage to customer property, and others.

35. The technicians are paid a set amount for each installation or service they perform.

36. The technicians are not paid on an hourly or salary basis.

37. Virtually every week that the Plaintiffs and similarly situated technicians have worked, they have worked more than forty hours.

38. On average, the technicians have worked anywhere from 10 to 18 hours per day, five to six days per week, thereby working significantly more than 40 hours per week.

39. Each day, the technicians would typically have to arrive at the BBI warehouse at approximately between 7:00 AM and 8:00 AM in order to pick up the equipment they needed for the day's jobs. They would typically have to arrive at their first job site at between 8:00 AM and 9:00 AM. The last job that the technicians would have to do each day could be scheduled for as late as 8:00 PM, meaning that the technicians would work until 10:00 PM or later.

40. While working for BBI, Plaintiff Eugene Davis regularly worked six days per week, and between forty and fifty hours per week.

41. While working for BBI, Plaintiff Calvin Walker regularly worked six days per week, and between sixty and seventy hours per work.

42. Plaintiff Eugene Davis worked for BBI for over a year.

43. Plaintiff Calvin Walker worked for BBI for approximately nine months.

44. The Plaintiffs' work relationships with BBI had a high degree of permanency.

45. Plaintiffs' and other similarly situated technicians' work does not require a great degree of particularized skill.

46. Plaintiffs and other similarly situated technicians did not make a significant investment in equipment or materials in order to perform their work.

47. Plaintiffs were not allowed to negotiate the rates for their services, make their own schedules, or turn down job assignments.

48. Plaintiffs and other similarly situated technicians had little opportunity for profit or loss depending on their managerial skill.

49. Plaintiffs and other similarly situated must complete the jobs that BBI assigns.

50. If there is a reason that the Plaintiffs and other similarly situated technicians cannot complete a job, for such reasons as, for example, a customer's

home not having an adequate line of site for the DirecTV satellite, they must contact a site manager and ask for permission to not complete the job.

51. When Plaintiffs and other similarly situated technicians have wanted to take a day off, BBI has required them to provide two weeks' notice of the time off.

52. BBI maintained the right to extensive control over the manner in which the Plaintiffs and other similarly situated technicians performed their work.

53. The services that Plaintiffs and other similarly situated technicians rendered to BBI were an integral part of BBI's business.

54. Primarily, BBI is in the business of offering satellite television installation and repair services to subscribers of DirecTV.

55. The Plaintiffs and other similarly situated technicians provided these satellite televisions installation services on behalf of BBI.

## V.   COLLECTIVE ACTION ALLEGATIONS

56. The named Plaintiffs bring this action as a collective action on behalf of a class of individuals similarly situated who BBI classified as independent contractors and who performed satellite television installation services in the Southeastern United States. Specifically, they bring their claims under the Fair Labor Standards Act as a collective action and will request the court to grant

conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who have performed installation and repair services for BBI and who were classified as independent contractors.

57. Potential "opt-in" members of the collective action are similarly situated to Plaintiffs. They all held the same job position and had substantially similar job requirements and pay provisions. They are or were subject to the same common practices, policies, and plans of Defendant. They all have suffered damages in the nature of lost overtime pay resulting from Defendant's wrongful conduct.

### COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME
### (COLLECTIVE ACTION)

58. Plaintiffs repeat each and every preceding allegation as if set forth fully herein.

59. This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 207, for its failure to pay Plaintiffs and other similarly situated employees at the overtime rate for all hours worked in excess of forty (40) per workweek.

60. Defendant BBI is an "employer" for the purposes of the Fair Labor Standards Act, 29 U.SC. § 203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

61. Plaintiffs assert that under the economic realities test of the FLSA, Plaintiffs and the class of similarly situated individuals they seek to represent are or were improperly classified as independent contractors rather than employees of BBI and that BBI exercised sufficient control over their day to day activities and economic circumstances to make BBI Plaintiffs' statutory employer under the FLSA. Plaintiffs and other similarly situated technicians are therefore covered employees under the FLSA.

62. Plaintiffs and other similarly situated individuals regularly work or worked well more than forty (40) hours per week every week, usually fifty (50) or more hours per week.

63. Defendant failed to pay Plaintiffs and other similarly situated technicians at the overtime rate for all hours worked over forty (40) per workweek.

64. Defendant's failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since the company's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

(1) Conditionally certify this action to proceed as an opt-in collective action under 29 U.S.C. § 216(b);

(2) Award back pay equal to the amount of all unpaid overtime for the three (3) years preceding the filing of this Complaint to the present, according to the applicable statute of limitations for willful violations of the FLSA;

(3) Award liquidated damages equal to the amount of unpaid back pay, pursuant to 29 U.S.C. § 216(b).

(4) Award injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

(5) Award prejudgment interest on the unpaid overtime compensation;

(6) Award reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(7) Award such additional relief as the Court deems just and proper.

Respectfully Submitted,

s/ John L. Mays
John Mays
Georgia Bar No. 986574
MAYS & KERR, LLC
235 Peachtree Street NE
202 North Tower
Atlanta, Georgia 30303
(404) 410-7998 (office)
(404) 855-0820 (facsimile)
john@maysandkerr.com

Harold Lichten, Pro Hac Vice Forthcoming
Thomas Fowler, Pro Hac Vice Forthcoming
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800 (office)
(617) 994-5801 (facsimile)
hlichten@llrlaw.com
tfowler@llrlaw.com

*Attorneys for Plaintiffs*

Dated:  September 2, 2016